OPINION
{¶ 1} Rita Brown is appealing the judgment of the Clark County Common Pleas Court, which granted summary judgment in favor of Twins Group-PH, LLC ("Twins").
 {¶ 2} On August 1, 2003, Brown entered a Pizza Hut restaurant and ordered her food at the right side of the counter. An employee, Brian Sargraves, took her order. Brown walked to the beverage dispenser for her drink. After getting her beverage, she sat at a table and waited for her order. While waiting, she spoke with a friend, Chris Brewer, who was seated at a nearby table. During this fifteen minute wait, Brewer and Brown noticed several deliverymen walk in front of the counter. Brewer saw several employees kick the mats to straighten them. When Brown's order was ready she went to the left side of the counter to pick it up. After getting her order, Brown turned to walk towards the door. With her first step, she tripped and fell, breaking a bone near her shoulder, requiring surgery.
 {¶ 3} Neither Sargraves or John Noble, the store manager, observed the cause of Brown's fall. Noble had observed the mat fifteen to twenty minutes earlier. The mat was not flipped up at that time. But when she fell, Brown felt her left foot catch presumably on the mat. After she fell, both she and Noble noticed a corner of the mat was folded over. Brown kicked at the mat and exclaimed, "damn rug." Noble replied, "I know, I know" and repeatedly apologized. Brewer heard either Sargraves or Noble say "the rugs do that." Both Brown and Brewer claimed the lighting in the restaurant was poor, particularly where Brown fell. They asserted the floor mats were difficult to see because the floor mat and flooring were similar colors yet both acknowledged observing the mats. The tile was a dark reddish brown color with black grout. The mats were purportedly red with black trim. The restaurant had three floor mats in the front of the store. The mats were not secured to the floor. Although she walked on other mats, Brown did not step on the mat that she purportedly tripped over before she fell.
 {¶ 4} A few days after Brown's fall, Noble called to check on her. During the call, he mentioned he had "to do something about those mats in that area." He continued, "I know. I trip over them all the time myself."
 {¶ 5} Brown filed this suit against Twins, who owned the restaurant where she fell. Twins moved for summary judgment. The trial court granted the motion. Brown has filed this appeal, raising the following assignments of error.
 {¶ 6} "[1.] The trial court erred to the prejudice of theAppellant in applying the open and obvious doctrine to the factsof this case.
 {¶ 7} "[2.] The trial court erred to the prejudice of theappellant in concluding that reasonable minds could come to onlyone conclusion and that the appellee was entitled to summaryjudgment."
 {¶ 8} We will address Brown's assignments of error together because she argues in both that the court erred in granting summary judgment to Twins. Brown asserts the court erred in finding the mat was an open and obvious hazard. Brown argues a genuine issue of material fact remained as to whether the mats were a hazard that Twins should have taken reasonable steps to prevent from causing injury to others. We disagree.
 {¶ 9} Our review of the trial court's decision to grant summary judgment is de novo. Helton v. Scioto Cty. Bd. ofCommrs. (1997), 123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183,1997-Ohio-221; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66.
 {¶ 10} A business invitee enters another's premises by invitation for a purpose that is beneficial to the owner. Gladonv. Greater Cleveland Regional Transit Authority,75 Ohio St.3d 312, 315, 1996-Ohio-137. The premise's owner owes to an invitee a duty of ordinary care and to protect the invitee by maintaining the premises in a safe condition. Presley v. Norwood (1973),36 Ohio St.2d 29, 31. The owner must keep the premises in such a condition that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. A shopkeeper need not protect a patron from dangers that the invitee either knows about or "are so obvious and apparent to such invitee that he may be reasonably expected to discover them and protect himself against them."Sidle v. Humphrey (1968), 13 Ohio St.2d 45, syllabus.
 {¶ 11} Ohio cases addressing invitee's slips and falls on mats have reached differing results on whether the danger was open and obvious. A wrinkle in a mat in a store was found to be open and obvious where the store was brightly lit, nothing obstructed the patron's view, and the patron intentionally stepped on the rug. Wilson v. Big Bears Stores Co. (April 4, 1994), Warren App. No. CA93-09-070. A floor mat whose corner was curled up was an open and obvious danger where the lobby was well lit and nothing obstructed the patron's view. Smock v. Bob EvansFarms, Inc., Lorain App. No. 02CA008075, 2003-Ohio-832. But, when the room is poorly lit and the mat is the same color as the floor, the danger has not been found to be open and obvious.Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050.
 {¶ 12} A patron does not have a duty to constantly look downwards. Texler v. D.O. Summers Cleaners Shirt Laundry Co.,81 Ohio St.3d 677, 680-681, 1998-Ohio-602. But if an injured patron cannot identify the cause of her fall, a finding of negligence is precluded. Russell v. Creatif' Catering (Dec. 4, 1998), Montgomery App. No. CA17031; Harshaw v. TrotwoodFoodtown (Jan. 24, 1996), Montgomery App. No. CA15125.
 {¶ 13} Initially, we find that Brown cannot identify what caused her to trip and fall. Brown alleges she tripped on a corner of the mat that was flipped up. Shortly prior to the fall, Noble saw the mat laying flat and straight. While both Brown and Brewer saw several deliverymen walk back and forth over the area, neither saw the mat flipped up. Although Brewer asserts Brown's shoe caught on the mat, he did not see a flipped up corner of the mat cause her fall. Brown only noticed that a corner of the mat was flipped up after she fell. She did not know whether it was flipped up before she fell, or if her fall flipped it up. Brown cannot identify what caused her to fall. As a result, a finding of negligence is precluded.
 {¶ 14} We next address Brown's argument that the mats were not open and obvious because they were difficult to see. Brown knew the restaurant had mats in the front of the store. Brown had been to this restaurant several times before. Even though Brown did not step on this particular mat prior to her fall, she stepped on the restaurant's other mats, which were exactly the same. Further, she waited in the restaurant fifteen minutes, observing activity in the area of the mats. Her view was unobstructed during that time. Brown admitted she knew floor mats occasionally flip up and that one should exercise care when walking on mats to avoid tripping. Brown clearly knew mats were present in the area she traversed.
 {¶ 15} Brown argues that the mats were difficult to see because the restaurant was dimly lit and the mats were a similar color as the floor. But at the time of her fall, all of the restaurant's lights were on and it was 6:00 p.m. on 8-1-03, obviously daylight. The flooring and the mats were also not the same color. The flooring was a reddish brown tile approximately twelve inches by six inches with black grout, whereas the mat was red and several feet in length. The mat had black trim to designate its edges. Brewer had no difficulty seeing the mats from his table. Even if the restaurant was poorly lit, the mats were still open and obvious because Brown knew mats were present, she walked on the other identical mats, the mats were distinguishable from the flooring in color and dimension, and her frequent visits to the restaurant alerted her to their existence.
 {¶ 16} The mats were placed on the floor as a safety measure to prevent people from falling. Although it is common for a mat's corners to flip up, the mats were not hazards. Even if they had been, they were open and obvious. Since the mats were open and obvious, Twins did not owe a duty to protect Brown from them. No reasonable juror could have concluded that Twins was negligent in failing to warn Brown of the hazard a flipped mat may pose. No genuine issue of material fact exists, thus summary judgment was proper. Brown's assignments of error are without merit and are overruled.
 {¶ 17} The judgment of the trial court is affirmed.