OPINION
{¶ 1} Appellants, Trecia and Ivan Montgomery, appeal from the judgment of the Trumbull County Court of Common Pleas awarding summary judgment in favor of appellee, Beverly Polansky.
 {¶ 2} Mrs. Trecia Montgomery had a running weekly appointment with her hair stylist, Tom Jones, every Friday morning. Mr. Jones had been Mrs. Montgomery's hair stylist for over thirty years. At the time of the accident at issue, Mr. Jones had been working at appellee's salon, Hair Biz, for "a number of years." On Friday, October 4, 2002, the day of her accident, Mrs. Montgomery arrived with her husband Ivan at approximately 7:55 a.m. for her weekly appointment. Appellant followed her weekly routine of walking past the numerous stylists' chairs, all of which were equipped with rubber mats surrounding their bases, and washing her hair at a sink in the back of the salon. On her return to Mr. Jones' styling station, however, Mrs. Montgomery tripped on one of the rubber mats, which had frayed and separated edging. Mrs. Montgomery sustained injuries to her chest and ribs and experienced sustained breathing problems for some six weeks after her fall.
 {¶ 3} Appellants filed suit against appellee for personal injuries Mrs. Montgomery sustained when she tripped over the rubber mat. On September 20, 2004, appellee filed her motion for summary judgment. Appellants filed their response motion on December 7, 2004. Appellee filed a reply motion on December 17, 2004. On February 8, 2005, the trial court granted appellee's motion for summary judgment.
 {¶ 4} Appellant now appeals and assigns one error for our review:
 {¶ 5} "[The] trial court erred granting defendant's motion for summary judgment."
 {¶ 6} When reviewing a trial court's entry of summary judgment, we apply the same standard used by the trial court.Hudspath v. The Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, at ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is proper when, after viewing the evidence most strongly in favor of the nonmoving party, there are no genuine issues of material fact and thus the moving party is entitled to judgment as a matter of law. Community Mutual Ins. Co. v. Cafaro Co.
(July 19, 1996), 11th Dist. Nos. 95-T-5337 95-T-5350, 1996 Ohio App. LEXIS 3110, at 3.
 {¶ 7} A plaintiff claiming negligence is obligated to prove, by a preponderance of the evidence, "the existence of a duty on the part of the one sued not to subject the former to the injury claimed of, a failure to observe such duty, and an injury resulting proximately therefrom." Thrash v. U-Drive-It Co.
(1953), 158 Ohio St. 465, paragraph one of the syllabus.
 {¶ 8} In the case sub judice, appellant was an invitee on appellee's business premises. A business owner ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition but has no duty to warn its invitees of latent or hidden dangers. Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573. By implication, a business owner has no duty to warn an invitee of dangers which are open and obvious. Where a hazard is open and obvious, a business owner may reasonably expect that persons entering the premises will discover the danger and take proper measures to protect themselves. Hudspath, supra, at ¶ 18. In effect, a business owner is not an insurer of his or her customer's safety.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203.
 {¶ 9} Appellants contend the frayed mat in question was a latent defect about which appellee was obligated to warn its invitees. However, appellants deposition testimony belies their argument. Mrs. Montgomery testified she had been going to appellee's business to get her hair done every Friday for "a number of years." Mrs. Montgomery was aware that the salon had dark, rubber mats surrounding the various stylists' chairs. While she stated she could not remember if she noticed the frayed area of the mat before her fall, Mrs. Montgomery testified she was aware the mat was neither hidden nor concealed. She further testified she knew the mat had been "pulled away" from its chair and, had she looked at the floor, she would have noticed it. According to Mrs. Montgomery, all the lights in the salon were in working order on the day of her fall and nothing obstructed her view of the mat.
 {¶ 10} Further, Mr. Montgomery observed Mrs. Montgomery trip and fall on the mat in question. He testified he frequently accompanied his wife to her Friday hair appointments and was familiar with the arrangement of the stylists' chairs and their surrounding mats. During his deposition Mr. Montgomery stated both he and his wife were aware of the condition of the mats prior to her fall. Mr. Montgomery testified:
 {¶ 11} "Q. Okay. Was there any indication how long [the mat] had been [sticking up] like that from what you could tell?
 {¶ 12} "A. I would say quite a while because she goes in there every Friday, and I'd say it's been like that for quite a while before this happened.
 {¶ 13} "Q. Did you notice that mat before?
 {¶ 14} "A. We've noticed the mats. All of them were frayed and should have been replaced a long time ago.
 {¶ 15} "Q. Okay. So before her fall, though, you had noticed that these mats were frayed?
 {¶ 16} "A. Yes; yes, ma'am.
 {¶ 17} "Q. Including that one —
 {¶ 18} "A. Yes, ma'am.
 {¶ 19} "Q. — upon which she fell? Did you or Mrs. Montgomery or either one of you comment before her fall about the fact that those mats needed replaced?
 {¶ 20} "A. I think there had been comments made prior to that."
 {¶ 21} In our view, appellant's mutual testimony, when read together indicates the alleged danger was neither hidden nor latent. Moreover, Mr. Montgomery's statements demonstrate both appellants were not only aware of the poor condition of the mats, but they appreciated the danger. Appellants admitted their familiarity with the salon and were cognizant of the poor condition of the mats. The salon was well lit and nothing impeded Mrs. Montgomery's view of the frayed mat. Mrs. Montgomery made regular, weekly visits to the salon and did not indicate she was somehow distracted by any unusual circumstances such as an overabundance of customers (she was the first appointment of the day) or a rearrangement of the salon's typical fixtures. In this instance, based upon the facts admitted below, we hold the alleged hazard was open and obvious as a matter of law.
 {¶ 22} Appellants' argument fails to address the open and obvious character of the alleged danger. Appellants simply contend appellee's premises were not reasonably safe because appellee failed to alert them of the latent hazard of the frayed mats. For purposes of the open and obvious doctrine, a shopkeeper's failure to warn a party of a purported danger does not create a material issue of fact where that danger is open and obvious. Appellee does not contend she had no notice of the alleged danger in question; in fact, it seems settled that appellee was aware of the condition of the mats. Consequently, the legal question involves whether, in view of this awareness, appellee was relieved of her duty to warn.
 {¶ 23} Pursuant to the open and obvious doctrine, a business invitee is put on notice of a hazard by virtue of its open and obvious character. Armstrong, supra, at 80. Accordingly, "[w]here a danger is obvious, an owner may reasonably expect that persons entering the premises will discover those hazards and take proper measures to protect themselves. When applicable, the open and obvious doctrine abrogates the duty to warn andcompletely precludes negligence claims." Hudspath, supra, at ¶ 18; see, also, Armstrong, supra, syllabus ("Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.")
 {¶ 24} Appellants were highly familiar with the salon in question and were aware of the condition of the mats. Nothing obstructed Mrs. Montgomery's view and she testified the mat was neither hidden nor concealed. Under the circumstances of this case, the trial court did not err by granting summary judgment in appellee's favor. Appellants' assignment of error is overruled and the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.
O'Neill, J., O'Toole, J., concur.