OPINION *Page 2 
{¶ 1} Plaintiff-appellant Jason Rawls appeals from the April 2, 2007, Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of Defendant-appellee Cinemark USA, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case arose from an incident which occurred at the Tinseltown Theater in North Canton, Ohio. Said Tinseltown Theater is operated by Cinemark USA, Inc. ("Cinemark").
 {¶ 3} On May 31, 2005, Appellant Jason Rawls attended an afternoon showing of MADAGASCAR at the Tinseltown Theater. (Rawls depo. at 14:1-4). Appellant had been to the Tinseltown theater on many prior occasions. (Rawls depo. at 13:17-21). He stated that he purchased refreshments to enjoy during the show. (Rawls depo. at 14:1-4). Said refreshments included a beverage. He stated that he then proceeded into the designated theater for his movie and selected an aisle seat on the left side of the theater as one faces the screen. (Rawls depo. at 15:1-10). Appellant stated that during the movie he used the right armrest and the attached cupholder. Appellant did not notice any problems or defects in the armrest or cupholder. (Rawls depo. at 67:1-8). At the conclusion of the movie, Rawls attempted to rise from his seat using the armrests for support. (Rawls depo. at 14:5-18). Appellant stated that at that time he was 6'1" and weighed 230 lbs. (Rawls depo. at 6:11-19). Appellant claims that as he pushed downward to support his weight as he stood, the right armrest "completely detached, causing the plaintiff to fall and hit his head and right side of his face." (Amended *Page 3 
Complaint.) Appellant further stated that he cannot recall whether he heard a sound when the armrest broke. (Rawls depo. at 14:19-21).
 {¶ 4} The Assistant Manager of Cinemark, Mathew Patron, stated that he examined the armrest after the incident and noted that "[t]here was a piece of plastic broken off on the bottom that made it look like it had snapped. Like it looked like a piece had fallen off of it." (Patron depo. at 13:4-6).
 {¶ 5} On June 26, 2006, Appellant filed a Complaint against Jack Gieck dba Cinemark Productions and Aultcare.
 {¶ 6} On July 13, 2006, Appellant filed an Amended Complaint substituting Appellee Cinemark USA, Inc. ("Cinemark") for Jack Gieck as a Defendant. The Amended Complaint alleged that Cinemark negligently failed to remedy, or warn him of an alleged defect in the armrest of a theater seat, proximately causing him to sustain bodily injuries.
 {¶ 7} On July 14, 2006, the trial court established a case management schedule including deadlines for expert identification and dispositive motions. Pursuant to such schedule, Appellant was to identify experts on or before October 6, 2006. (Judgment Entry 07/14/06). The cut off-date for filing of dispositive motions was set for February 2, 2007.
 {¶ 8} On July 26, 2006, Appellee Cinemark filed its Answer to the Amended Complaint.
 {¶ 9} The parties proceeded with discovery, including the depositions of Appellant and an employee of Cinemark, Mathew Patron. *Page 4 
 {¶ 10} Appellant did not identify any liability experts in compliance with the Trial Court's deadline.
 {¶ 11} On February 1, 2007, the last day before the dispositive motion cut-off date, Appellee Cinemark filed its Motion for Summary Judgment.
 {¶ 12} On February 2, 2007, the trial court issued a Judgment Entry setting the motion for non-oral hearing on March 6, 2007.
 {¶ 13} On February 20, 2007, Appellant filed his Response to Appellee's Motion for Summary Judgment.
 {¶ 14} On February 23, 2007, Appellant obtained leave and filed his Second Amended Complaint which added two new party defendants.
 {¶ 15} On March 5, 2006, Cinemark filed its Reply brief.
 {¶ 16} By written opinion filed March 8, 2007, the trial court granted Appellee's Motion for Summary Judgment.
 {¶ 17} Upon motion of Appellee, a Nunc Pro Tunc Judgment Entry was later issued by the trial court on April 2, 2007, stating that said decision was a final appealable order. Subsequently the trial curt stayed proceedings involving the new Defendants. (Judgment Entry 04/17/07).
 {¶ 18} Thus, it is from the April 2, 2007, decision that Appellant now appeals, raising the following assignment of error for review:
 ASSIGNMENT OF ERROR {¶ 19} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING APPELLEE CINEMARK'S MOTION FOR SUMMARY JUDGMENT: *Page 5 
 {¶ 20} "A. THE TRIAL COURT ERRED IN NOT RULING THAT APPELLEE CINEMARK HAD A DUTY TO PROVIDE APPELLANT, WHO WAS A BUSINESS INVITEE, TO WARN OF LATENT OR CONCEALED DEFECTS OR PERILS OF WHICH THE SHOPKEEPER HAS, OR SHOULD HAVE HAD, KNOWLEDGE OF SAID DEFECTS OR PERILS. THE TRIAL COURT FURTHER ERRED IN NOT RULING THAT SAID APPELLANT FAILED IN ITS DUTY TO ADEQUATELY INSPECT THE PREMISES FOR CONCEALED OR LATENT DEFECTS OR PERILS.
 {¶ 21} "B. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S SUMMARY JUDGMENT MOTION BEFORE CRITICAL DISCOVERY COULD BE MADE UPON ADDITIONAL DEFENDANTS, WHO MANUFACTURED AND INSTALLED THE SEAT."
 I. {¶ 22} In Appellant's assignment of error, Appellant contends that the trial court erred when it granted summary judgment in favor of Appellee. We disagree.
 {¶ 23} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that *Page 6 
reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 24} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. Vahila v.Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164 (citingDresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264). It is subject to this standard of review that we address Appellant's assignment of error.
 {¶ 25} In order to establish actionable negligence, a plaintiff must prove (1) the defendant owed him a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707.
 {¶ 26} In the case sub judice, it is undisputed that Appellant Rawls was a business invitee of Appellee Cinemark.
 {¶ 27} While a business owner is not an insurer of the safety of his business invitees, an owner owes such invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that his customers are not unnecessarily and unreasonably exposed to danger."Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474. Included in this duty is an obligation to warn business invitees of latent or concealed defects of which the owner has or should have knowledge. Kubiszak v. Rini's Supermarket (1991), 77 Ohio App.3d 679,686, 603 N.E.2d 308. However, the mere occurrence of an injury to a business invitee does not *Page 7 
give rise to a presumption or an inference of negligence. Parras v.Standard Oil Co. (1953), 160 Ohio St. 315, 116 N.E.2d 300, paragraph one of the syllabus.
 {¶ 28} In this case, Appellant Rawls argues that Appellee failed to properly inspect the premises and that Appellee should have warned him of any hidden or concealed danger.
 {¶ 29} A long standing rule of law in Ohio requires that a plaintiff in a premises liability action be able to identify or explain the reason for the fall. Hildebrandt v. Kroger Co., Licking App. No. 01-CA-114, 2002-Ohio-2544, citing Cleveland Athletic Association v. Bending (1934),129 Ohio St. 152, 194 N.E. 6.) See also Spognardi v. Scores OfMansfield, Inc. (December 29, 1999), Richland Appellate No. 1999CA56.
 {¶ 30} Upon review, we find that in his response to Appellee's Motion for Summary Judgment, Appellant failed to establish that Appellees breached its duty owed to him. Appellant failed to put forth sufficient evidence to show Appellee knew that any defect in the chair armrest/cupholder actually existed or that Appellee created such defect. Furthermore, Appellant failed to show that Appellee Cinemark knew or should have known of such alleged defect.
 {¶ 31} Appellant's assertion that "a proper inspection would have revealed the defect in Cinemark's seat" (Appellant's Brief at 9) is without support in the record. Appellant has failed to set forth any evidence that there was anything wrong with the chair's armrest/cupholder prior to his use of same while rising out of his seat. Even assuming arguendo, that a defect did in fact exist, Appellant has failed to show that Appellee knew or should have known of such defect. The mere fact that the *Page 8 
armrest/cupholder broke, without more, does not prove that Appellee Cinemark breached its duty of care to Appellant.
 {¶ 32} We therefore conclude that summary judgment was appropriate as no genuine issues of material fact exist.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1