[Cite as *Sams v. College Bowl Lanes, Inc.*, 2012-Ohio-150.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| | : | JUDGES: |
| LOU SAMS, et al., | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiffs-Appellants | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011CA00138 |
| | : | |
| | : | |
| THE COLLEGE BOWL LANES, INC., | : | O P I N I O N |
| et al., | | |
| | | |
| Defendants-Appellees | | |



CHARACTER OF PROCEEDING:        Civil Appeal from Stark County
                                Court of Common Pleas Case No.
                                2010CV03686

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         January 17, 2012

APPEARANCES:

For Plaintiffs-Appellants           For Defendants-Appellees

DONALD P. KOTNIK                    DOUGLAS N. GODSHALL
600 West Maple Street               RAYMOND C. MUELLER
North Canton, Ohio  44720           Brenton Commons, Suite 400
                                    8040 Cleveland Avenue, N.W.
                                    North Canton, Ohio  44720

*Edwards, J.*

{¶1} Plaintiffs-appellants, Lou and Larry Sams, appeal from the May 27, 2011, Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee The College Bowl Lanes, Inc.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 7, 2008, appellant Lou Sams was bowling at The College Bowl, a bowling alley owned and operated by appellee The College Bowl Lanes, Inc. Appellant Lou Sams, on such date, had stopped at the bowling alley to talk to a friend and was asked to be a substitute for one of the bowlers on her friend's bowling team. As appellant Lou Sams was bowling in the fourth frame of her first game that night, she slipped and fell a couple of feet back from the foul line on the approach. Prior to bowling her first game, appellant Lou Sams had thrown a couple of practice balls. As a result of her fall, appellant Lou Sams sustained injuries to her thumb and hand.

{¶3} On October 6, 2010, appellant Lou Sams and her husband, appellant Larry Sams, filed a negligence/personal injury complaint against appellee. Appellants, in their complaint, alleged that, prior to the fall, appellee's employees and/or agents had applied oil to the bowling lanes and, in doing so, had negligently caused an excess puddle or puddles of oil to collect and/or form in the area of the bowling lane. Appellants alleged that appellant Lou Sams had stepped into one of the puddles, causing her to slip and fall.

{¶4} On April 26, 2011, appellee filed a Motion for Summary Judgment. Appellants filed a memorandum in opposition to the same on May 9, 2011. As

memorialized in a Judgment Entry filed on May 27, 2011, the trial court granted appellee's motion.

{¶5} Appellants now raise the following assignments of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE COLLEGE BOWL AND BY HOLDING THAT APPELLEE HAD NOT BREACHED ITS DUTY TO EXERCISE ORDINARY CARE IN THE MAINTENANCE OF THE BOWLING LANE USED BY APPELLANT LOU SAMS.

{¶7} "II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE COLLEGE BOWL ON THE GROUNDS THAT THE EVIDENCE AND TESTIMONY THAT APPELLANT LOU SAMS SLIPPED ON OIL ON THE BOWLING LANE IS BASED ON NOTHING MORE THAN MERE SPECULATION WHICH IS NOT A SUFFICIENT BASIS ON WHICH TO ESTABLISH A PREMISES OWNER'S LIABILITY."

## STANDARD OF REVIEW

{¶8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212, (1987). As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶9}    Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264, (1996).

{¶10} It is subject to this standard of review that we address appellants' assignments of error.

I, II

{¶11} Appellants, in their two assignments of error, argue that the trial court erred in granting summary judgment in favor of appellee. We disagree.

{¶12} In order to establish actionable negligence, a plaintiff must prove (1) the defendant owed him a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707, (1984).

{¶13} In the case sub judice, it is undisputed that appellant Lou Sams was a business invitee of appellee. While a business owner is not an insurer of the safety of his business invitees, an owner owes such invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that his customers are not

unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474, (1985). The mere occurrence of an injury to a business invitee does not give rise to a presumption or an inference of negligence. *Parras v. Standard Oil Co.,* 160 Ohio St. 315, 116 N.E.2d 300, (1953), paragraph one of the syllabus.

{¶14} A long standing rule of law in Ohio requires that a plaintiff in a premises liability action be able to identify or explain the reason for the fall. *Hildebrandt v. Kroger Co.*, 5th Dist. No. 01-CA-114, 2002-Ohio-2544, at ¶7, citing *Cleveland Athletic Association v. Bending*, 129 Ohio St. 152, 194 N.E. 6, (1934). See also *Spognardi v. Scores Of Mansfield, Inc.,* 5th Dist. No. 1999CA56, 2000 WL 1627, (Dec. 29, 1999), and *Rawls v. Cinemark USA*, 5th Dist. No. 2007 CA 00107, 2007-Ohio-5511. Speculation or conjecture by the plaintiff as to the culpable party who caused his fall and what caused his fall is not sufficient, as a matter of law, since the issue of proximate cause is not open to speculation. See *Scott v. Kings Island Co.*, 12th Dist. No. CA-98-04-044, 1999 WL 7458, 6-7, (Feb. 16, 1999), and *Denton v. Cracker Barrel Old Country Store, Inc.,* 10th Dist. No. 02-AP-1211, 2003-Ohio-2890, ¶22.

{¶15} In the case sub judice, the trial court stated in its May 27, 2011 Judgment Entry, in relevant part, as follows:

{¶16} "Since there has not been any evidence provided that the alleged presence of oil or liquid on the approach existed for a sufficient period of time for the 'Defendant to become aware of and clean up in it's (sic) exercise of ordinary care, or any of evidence of prior complaints or falls would have put the Defendant on notice of a defect, the court finds that there was no breach of duty by the Defendant in this case."

{¶17} The trial court further found that appellant Lou Sams had speculated that oil on the lanes caused her fall and that speculation was an insufficient basis on which to establish appellee's liability as a premise owner. Appellants now contend that the trial court erred in failing to recognize that notice is immaterial when the hazardous condition is created by the property owner and that there was evidence that the substance on which appellant slipped was oil negligently left on the bowling lane by appellee.

{¶18} During her deposition, appellant Lou Sams testified she did not see anything that she slipped on and did not see anything before she fell. She further testified that she "would say" that the liquid that she slipped on was oil. Deposition of appellant Lou Sams at 54.  In support of their memorandum in opposition to appellee's Motion for Summary Judgment, appellants submitted the affidavits of Sherri Guidone and Virginia Carothers, both who were bowling with appellant Lou Sams on October 7, 2008. Guidone, in her affidavit, stated, in relevant part, as follows:

{¶19} "4. As we started to bowl, I heard someone shout 'she fell!'  and I turned around and saw Lou Sams lying on her back in the bowling lane.  I observed her as she tried to roll over on her stomach into the gutter in an attempt to get up but she could not get up on her own.

{¶20} "5. An employee of College Bowl that I know as 'Larry' came down and helped Lou Sams get-up off of the bowling lane.

{¶21} "6. I then observed Larry get a rag and use it to wipe-up some type of liquid on the bowling lane.  I believe the liquid may have been excess oil from when the lanes were oiled and polished shortly before we started bowling.  (Emphasis added).

**{¶22}** "7. After he used the rag to wipe-up the liquid, I then saw Larry use some type of rough paper, possibly sand paper, to rub over the same spot he used the rag to wipe-up the liquid on the bowling lane."

**{¶23}** Carothers, in her affidavit, stated that after appellant Lou Sams fell, she observed Larry use a rag to wipe up "some type of liquid on the bowling lane"

**{¶24}** Based on the foregoing, we concur with the trial court that the evidence produced by appellants constituted mere speculation as to what caused appellant Lou Sams to fall. We further concur with the court that "[s]ince speculation is an insufficient basis on which to establish a premises owner's liability as a matter of law, as plaintiff cannot point to a wrongful or negligent act by the defendant, Defendant is entitled to judgment in this case."

**{¶25}** Appellants' two assignments of error are, therefore, overruled.

**{¶26}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

Judgment affirmed.

By: Edwards, J.

Farmer, J. concurs

Hoffman, P.J. dissents

_____

_____

_____

JUDGES

JAE/d1107

*Hoffman, P.J., dissenting*

(¶27) I respectfully dissent from the majority opinion.

(¶28) While I agree speculation or conjecture as to what caused the fall is insufficient, as a matter of law, to establish proximate cause, I believe the deposition testimony of James Aufderheide, an employee of Appellee, when coupled with Appellant's affidavit and that of Guidone and Carothers, provide legally sufficient evidence to support a finding of proximate cause.

(¶29) In his deposition, Aufderheide testified the lanes had been oiled less than two hours before the league started bowling on the night of the incident and it was not unusual for oil to get on the approach portion of the lanes as the lane conditioner machine was moved from one lane to another. If oil gets on the approach portion of lane, a maintenance person would use a towel or Scotch Brite Pad to clean up the excess oil or liquid.

(¶30) Appellee's employee, Larry Wakeley, was observed using some type of rough paper to rub over the same spot from which he had earlier wiped-up excess liquid. This was the same spot Appellant had just slipped and fallen. While Appellant was unable to inspect or identify the liquid because it was cleaned up by Wakely shortly after her fall, I find Aufderheide's testimony, when coupled with that of Appellant and her witnesses, legally sufficient to support a finding of proximate cause.

_____
HON. WILLIAM B. HOFFMAN

[Cite as *Sams v. College Bowl Lanes, Inc.*, 2012-Ohio-150.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LOU SAMS, et al., | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THE COLLEGE BOWL LANES, INC., et al., | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011CA00138 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.

_____

_____

_____

JUDGES