[Cite as *Cage v. Sutherland Bldg. Prods., Inc.*, 2014-Ohio-3891.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Vickie K. Cage, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-227 |
| v. | : | (C.P.C. No. 12 CVO 15799) |
| Sutherland Building Products, Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 9, 2014

*Joy L. Marshall*, for appellant.

*Mazanec, Raskin & Ryder Co., L.P.A., Robert H. Stoffers*, and
*David K. Frank*, for appellee.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, Vickie K. Cage, from an entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Sutherland Building Products, Inc. ("Sutherland").

{¶ 2} On December 27, 2012, appellant filed a complaint against Sutherland asserting a cause of action for negligence. In the complaint, appellant alleged that she was a patron at a Sutherland store on December 27, 2010, and that Sutherland failed to properly maintain the store's entrance rug, causing her to trip and fall.

{¶ 3} The following facts, taken from the record on summary judgment, are drawn primarily from the deposition testimony of appellant and the affidavit of Roger Guhl, a Sutherland employee. On December 27, 2010, appellant and her mother drove to

a Sutherland store located at 575 North Nelson Road, Columbus. Appellant, age 51, had been to the store on at least five prior occasions. While her mother waited in the car, appellant walked toward the entrance of the store. Two men with a shopping cart entered the store slightly ahead of appellant. The shopping cart used by the men "caused slight wrinkles in a floor mat lying inside the store's entrance." (Guhl Affidavit, ¶ 4.) As she approached the main entrance, appellant observed the mat/rug, as well as the wrinkles. Specifically, appellant stated in her deposition: "You walk into the main door area, and I looked down, seen the wrinkles in the carpet, one or two, * * * and I said * * * to myself, wow, let me try to step over the wrinkled kind of part, and that's when I fell." (Appellant Depo., 20-21.)

{¶ 4} An individual inside the store asked if she needed help, and appellant responded that she "was okay," but "couldn't get up right away." (Appellant Depo., 34.) Although her left knee was in pain, appellant was eventually able to stand up, and walked out to the parking lot to inform her mother she had fallen. Appellant's mother told her to go back to the store "and tell them what happened." (Appellant Depo., 38.) Appellant went back inside the store and spoke to two employees at the front desk about filling out an incident report. Store employees summoned an emergency squad; after examining appellant's knee, emergency personnel advised her to "put ice on it and try to rest it up." (Appellant Depo., 44.) Several days later, appellant went to an emergency room for treatment and had follow-up treatment at a medical center.

{¶ 5} On September 30, 2013, Sutherland filed a motion for summary judgment arguing that the floor mat/rug was an open and obvious condition, and there was no evidence Sutherland had created the condition or had any knowledge of the wrinkled floor mat prior to appellant's fall. Attached to the motion was the deposition testimony of appellant, the affidavit of Guhl (the manager of the Sutherland store where the incident occurred), and video from the store's security camera which captured appellant entering the store and falling.

{¶ 6} On October 14, 2013, appellant filed a memorandum in opposition to Sutherland's motion for summary judgment. On October 15, 2013, appellant filed a motion for an extension of time to file a supplemental response and subsequently filed an affidavit in opposition to Sutherland's motion for summary judgment. By decision and

entry filed February 13, 2014, the trial court granted Sutherland's motion for summary judgment.

{¶ 7} On appeal, appellant sets forth the following assignment of error for this court's review:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR SUTHERLAND LUMBER COMPANY.

{¶ 8} Under her single assignment of error, appellant contends the trial court erred in granting summary judgment in favor of Sutherland. More specifically, appellant argues the court erred in holding that her claim was barred based on the open and obvious doctrine, and in failing to find that Sutherland created a foreseeable hazard.

{¶ 9} In accordance with Civ.R. 56(C), a trial court shall grant summary judgment if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This court's review of a trial court's decision on summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 10} In order to establish an actionable negligence claim, a plaintiff "must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Prods., Inc.,* 15 Ohio St.3d 75, 77 (1984). Under Ohio law, "[a] shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203 (1985), citing *Campbell v. Hughes Provision Co.*, 153 Ohio St. 9 (1950). However, a shopkeeper "is not * * * an insurer of the customer's safety [and] is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.' " *Id.* at 203-04, quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph one of the syllabus.

{¶ 11} In *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, the Supreme Court of Ohio recognized that "the open-and-obvious doctrine relates to the threshold issue of duty in a negligence action." *Matt v. Ravioli, Inc.*, 8th Dist. No.

100553, 2014-Ohio-1733, ¶ 10, citing *Armstrong* at ¶ 13. If a condition is open and obvious, "the premises owner is absolved from taking any further action to protect the plaintiff." *Id.* Thus, "[w]hen the open-and-obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery." *Id.* Further, a dangerous condition "does not actually have to be observed by the claimant to be an open and obvious condition under the law. * * * Rather, the determinative issue is whether the condition is observable." *Kraft v. Johnny Biggs Mansfield, L.L.C.,* 5th Dist. No. 2012 CA 0068, 2012-Ohio-5502, ¶ 16.

{¶ 12} The trial court, in granting summary judgment in favor of Sutherland, cited appellant's own deposition testimony indicating she observed the floor mat/rug as well as the wrinkles in the mat/rug caused by two other business invitees when they rolled their shopping cart over the mat/rug just moments before she entered the store. The court determined that the condition was open and obvious, and therefore Sutherland had no duty to warn of the hazard.

{¶ 13} Based upon this court's de novo review, the record supports the trial court's finding that appellant was expressly aware of the condition of the mat/rug. According to appellant's deposition testimony, upon entering the store she "took notice of the rug," and also "noticed the wrinkles in the rug." (Appellant Depo., 24.) Appellant stated that she "looked down, seen the wrinkles in the carpet, one or two * * * and I said * * * to myself, wow, let me try to step over the wrinkled kind of part, and that's when I fell." (Appellant Depo., 20-21.) Accordingly, the record indicates that the hazard at issue was in plain view, readily discoverable, and appellant, in fact, observed the wrinkles in the mat/rug, but nevertheless attempted to traverse over them.

{¶ 14} In circumstances where a hazard "is not hidden from view, or concealed, and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant." *Matt* at ¶ 9, citing *Parsons v. Lawson Co.,* 57 Ohio App.3d 49 (5th Dist.1989). Here, based on undisputed evidence that appellant observed the mat/rug as well as the wrinkles, the trial court correctly concluded there was no genuine issue of material fact as to whether the condition was open and

obvious.[1] *See Montgomery v. Polansky,* 11th Dist. No. 2005-T-0024, 2006-Ohio-1463, ¶ 24 (where plaintiff was aware of condition of mat, and nothing obstructed view of frayed mat, hazard was open and obvious and business owner owned no duty to warn); *Wilson v. Big Bear Stores, Co.,* 12th Dist. No. CA93-09-070 (Apr. 4, 1994) (where plaintiff had no trouble seeing rug at entrance, store was well lit, and nothing obstructed her view, store did not have a duty to protect customer from a condition that was open and obvious and that she could have been reasonably expected to discover and protect herself against); *Smock v. Bob Evans Farms, Inc.,* 9th Dist. No. 02CA008075, 2003-Ohio-832 (applying open and obvious doctrine where curled up floor mat was easily discoverable, lobby was well lit, and nothing obstructed patron's view).  Accordingly, because the hazard was open and obvious, Sutherland owed no duty to warn of the hazard posed by the mat/rug, and the trial court properly granted Sutherland's motion for summary judgment.

{¶ 15} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____

[1] Appellant's contention that the trial court erred in failing to find that the mat/rug presented a foreseeably dangerous condition is not persuasive.  The placement of a mat/rug at the entrance of a store does not, in and of itself, create an unreasonably dangerous condition.  *See Brown v. Twins Group-PH, LLC,* 2d Dist. No. 2004CA59, 2005-Ohio-4197, ¶ 16 (although it is common for a mat's corner to flip up, mats placed on floor as a safety measure were not hazards; however, "[e]ven if they had been, they were open and obvious").  Moreover, the record on summary judgment, which includes video footage from the store's surveillance camera indicating the wrinkles to the mat/rug were created when two shoppers pushed a shopping cart across the mat/rug moments before appellant entered the store, contains no evidence Sutherland was aware of the hazardous condition prior to the incident.