[Cite as *Estate of Case v. KKS Park Family Ltd. Partnership, PLL*, 2020-Ohio-1098.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ESTATE OF REVA CASE | C.A. No. 29439 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| KKS PARK FAMILY LIMITED<br>PARTNERSHIP, PLL, et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No. CV-2017-04-1332 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: March 25, 2020

HENSAL, Judge.

{¶1} The Estate of Reva Case appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to Austin Center III Condominium Association on its negligence claim. For the following reasons, this Court affirms.

I.

{¶2} Ms. Case went to an appointment at her doctor's office accompanied by her son. As they were exiting the building following the appointment, an employee beckoned to Ms. Case's son, so he returned to the desk. According to Ms. Case, she continued outside onto the sidewalk that is next to the parking lot. Ms. Case's son was keeping an eye on her, but suddenly saw her fall. Ms. Case sued her doctor's office and Austin Center III Condominium Association ("the Association"), which owned the land outside of the building, including the sidewalk and parking lot, for negligence. Following discovery, the Association moved for summary judgment. Ms. Case moved to strike an affidavit that the Association filed with its reply brief. Before the trial

court ruled on the motions, Ms. Case passed away, and her estate was substituted as the plaintiff. The trial court granted the motion for summary judgment because it concluded that it was unknown how Ms. Case fell and because any defects in the curb or sidewalk were open and obvious. The Estate has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING AUSTIN CENTER III CONDOMINIUM ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT.

{¶3} The Estate argues that the trial court should not have granted summary judgment to the Association because there is substantial disagreement over whether Ms. Case fell because of a dangerous condition on its property. It also argues that the defect that caused Ms. Case to fall was not open and obvious. Under Civil Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶4} To prevail in its negligence action, the Estate had to establish: "(1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach."

*Robinson v. Bates*, 112 Ohio St.3d 17, 2006–Ohio–6362, ¶ 21. The legal duty owed to an injured party is dictated by the relationship between the owner of the premises and the injured party. *Hidalgo v. Costco Wholesale Corp.*, 9th Dist. Lorain No. 12CA010191, 2013–Ohio–847, ¶ 7. A business invitee is a "person[ ] who come[s] upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Mondi v. Stan Hywet Hall & Gardens, Inc.*, 9th Dist. Summit No. 25059, 2010–Ohio–2740, ¶ 12, quoting *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). The parties do not dispute that Ms. Case was a business invitee.

{¶5}    In its motion for summary judgment, the Association argued that the Estate could not establish causation because it could not identify the reason Ms. Case fell. In support of its argument it pointed to the deposition of Ms. Case, in which she could not identify what caused her to fall. Ms. Case testified at her deposition that her son left her standing on the sidewalk right in front of her doctor's office.

> [A]ll at once, I don't remember what went through my brain, I don't know, because I hadn't been walking by myself on account of my hip, * * * but I had started and went out. Or well, I had to, went out and stepped, and when I stepped, I don't remember it, but I'm just saying I had to, because I fell, so I had to step off the sidewalk, where they didn't have a – oh, a place to get off.

When asked to just tell what she remembered, Ms. Case continued: "[y]eah. To step down to a step, and that's the last I ever knew." When asked if she stepped in a hole, Ms. Case answered: "I don't know whether I stepped in a hole. I don't even remember if there was a hole there." When asked if her foot caught on something causing her to trip, Ms. Case answered: "Honey, I can't tell you that. I don't know. I went down so fast, that was it." Ms. Case was then asked whether there was anything about the sidewalk that made her fall. Ms. Case answered:

> Yeah. Yeah. The way, like I said, it comes out this way instead of having it to where you can step down easy. And like I said, I don't remember stepping down, but I had to, or fell at the top of it. I don't know. I can't tell you something I don't know.

Ms. Case was next asked whether she was looking where she was walking. Ms. Case answered: "I was just standing there at it. That's why I can't tell you what I done when I stepped down[.]" When asked if seeing a picture of the sidewalk would help her remember, Ms. Case said that it would not and repeated that she did not know why she fell.

{¶6} The Association also submitted the deposition of Ms. Case's son, who testified that he saw his mother fall through a window of the doctor's office. He testified that he could not see what made his mother fall because of the wall below the window and could not see whether she stepped on anything or tripped on anything.

{¶7} "For an act to be the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of such act." *Ross v. Nutt*, 177 Ohio St. 113, 114 (1964). "There must be some evidence, direct or inferential, that the agency which produces an injury is the result of the negligence of a defendant before he can be held liable[.]" *Gedra v. Dallmer Co.*, 153 Ohio St. 258, 265 (1950). "[I]f the cause of an injury to a plaintiff may be as reasonably attributed to an act for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of proving that his injury is the direct result of the defendant's negligence." *Id*. Upon review of the record, we conclude that the Association met its burden of establishing that there was no evidence that a breach of the duty it owed to Ms. Case was the proximate cause of her fall.

{¶8} In the argument section of its brief, the Estate does not point to any evidence in the record that creates a genuine issue of material fact regarding the reason Ms. Case fell. The Estate argues that the Association was responsible for the common area where Ms. Case fell, but that was not in dispute. It argues that Ms. Case was a business invitee, which also was not in dispute. It argues that there were defects in the handicapped ramps connecting the sidewalk to the parking lot

and asserts that they were a breach of the Association's duty of care. It also argues that the Association was on notice of the defects yet failed to correct or even inspect them. It does not argue, however, that it was a defect in a handicapped ramp that caused Ms. Case to fall. It also does not point to any evidence in the record that would suggest a handicapped ramp had anything to do with Ms. Case's fall. App.R. 16(A)(7) (providing that an appellant's argument must include the "reasons in support of [its] contentions, with citations to the * * * parts of the record on which appellant relies.").

{¶9}     In its statement of facts, the Estate notes that Ms. Case's son testified that, after his mother fell, he went outside and found her "in the handicap wheelchair accessible ramp[.]" He also noted that the ramp was not marked, that "it was all jagged[,]" "the concrete was tore up and a piece of the curb was tore out." He further testified that there was a "hump" somewhere in the vicinity of the handicapped ramp that was not visible "because of the canopy and the glare[.]"

{¶10} It is not the duty of this Court to construct an argument for the Estate. *Wiegand v. Fabrizi Trucking & Paving Co. Inc.*, 9th Dist. Medina No. 16CA0015-M, 2017-Ohio-363, ¶ 35. We note, however, that mere speculation regarding the proximate cause of an injury is insufficient to create a genuine issue of material fact. *Parras v. Standard Oil Co.*, 160 Ohio St. 315, 319 (1953) ("A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking."); *Rosenbrook v. Lucas Cty. Bd. of Commrs.*, 6th Dist. Lucas Nos. L-14-1175, L-14-1176, 2015-Ohio-1793, ¶ 50; *Sams v. College Bowl Lanes, Inc.*, 5th Dist. Stark No. 2011CA00138, 2012-Ohio-150, ¶ 14; *Wall v. Viking Forge*, 11th Dist. Portage No. 2011-P-0007, 2011-Ohio-6522, ¶ 15; *Brown v. The Twins Group-PH, LLC*, 2d Dist. Clark No. 2004CA59, 2005-Ohio-4197, ¶ 13; *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 68 (12th Dist.1989).

{¶11} Upon review of the record, we conclude that the Estate has failed to establish that the trial court incorrectly determined that there was no genuine issue of material fact that the Association breached a duty it owed to Ms. Case that was the proximate cause of her fall. In light of this determination, it is not necessary to address whether any of the alleged defects on or in the vicinity of the handicapped ramp were open and obvious, which was the trial court's other reason for granting summary judgment to the Association. The Estate's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT STRUCK THE TESTIMONY OF EDWARD CASE.

{¶12} The Estate next argues that the trial court incorrectly refused to consider Ms. Case's son's testimony regarding what Ms. Case's doctor said following the fall. According to Ms. Case's son, after Ms. Case was transported to the hospital, he walked with the doctor over to the Association's office. As they walked, the doctor told him that he had told the Association several times to have "that" fixed because somebody was going to fall and get hurt. When they entered the office, the doctor began yelling and screaming at a woman in the office that he had told her several times that "that had to be fixed and you didn't fix it." The trial court struck the statements as hearsay.

{¶13} The Estate argues that the doctor's statements were not hearsay because they were excited utterances under Evidence Rule 803(2) and because they constituted an admission by a party opponent under Rule 801(D)(2). Upon review of the record, however, we conclude that any error by the trial court in excluding the statements was harmless. Civ.R. 61. There is no evidence that the doctor witnessed Ms. Case's fall. Thus, like Ms. Case's son, he could merely speculate as to what caused Ms. Case to fall. *See Rosenbrook*, 2015-Ohio-1793, at ¶ 50 (explaining that

testimony of witness who heard victim fall and hit the ground did not create a genuine issue of material fact regarding the cause of the fall because he did not personally witness the fall); *Stamper*, 65 Ohio App.3d at 69 (explaining that expert opinion that stairs were negligently designed, constructed, and installed failed to provide a basis for concluding that the alleged negligence caused the victim to fall). The Estate's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED WHEN IT FAILED TO STRIKE THE NEW EVIDENCE SUBMITTED BY DEFENDANT-APPELLEE IN ITS REPLY BRIEF.

{¶14} The Estate also argues that the trial court incorrectly considered an affidavit of the doctor that the Association submitted with its reply brief. In the affidavit, the doctor averred that he had never complained to the Association about the sidewalk or anything else in the vicinity of where Ms. Case fell. The Estate argues that the submission of the new affidavit violated one of the trial court's local rules concerning the submission of additional evidentiary materials with a reply brief.

{¶15} Because the doctor's affidavit does not contain any information establishing the reason that Ms. Case fell, we conclude that any error by the trial court in considering the affidavit was harmless. Civ.R. 61. The Estate's third assignment of error is overruled.

III.

**{¶16}** The Estate's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JOHN F. BURKE, III, Attorney at Law, for Appellant.

KRISTEN E. CAMPBELL TRAUB, Attorney at Law, for Appellee.